### ASHLEY *vs.* DUNN.

That part of the Revised Statutes under the head of *attachments,* which requires the plaintiff to file his allegations and interrogatories as to the garnishee, *during* the return term of the writ, is merely a rule of practice, to be controlled by sound legal discretion.

The time may be extended in the same manner as time to plead may be enlarged. If, in enlarging the time, the rights of the garnishee were seriously affected, he might move to strike the allegations and interrogatories from the files. But, so long as they remain on the files, he cannot be discharged.

THIS was a proceeding against a garnishee, in attachment, determined in the Pulaski Circuit Court, in May, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Ashley sued James Swishelm, in debt, by writ of attachment, and caused his property to be levied on, and caused Dunn to be summoned as a garnishee. The plaintiff not having filed allegations and interrogatories during the return term of the writ, Dunn was, on his motion, discharged, and had judgment for costs. Ashley brought error.

The case was argued here by *Watkins,* for plaintiff in error, and by *Fowler,* contra, who cited *Desha vs. Baker et al.,* 3 *Ark.* 519. *Walker et al. vs. Wynne et al.,* 3 *Yerger,* 62.

*By the Court,* DICKINSON, J. The garnishee moved the court to be discharged, because the plaintiff had failed to file allegations and interrogatories within the time prescribed by the statute. The statute lays down the rule upon the subject; but that part of it which relates

to the present case is merely a rule of practice, to be controlled by sound legal discretion. The time for filing allegations and interrogations, like time for pleading, in ordinary cases, might doubtless be enlarged, upon a proper showing by the party. The enlarging of time to plead, is an every day's practice; and the fact that they were permitted to be filed after the time had expired, creates the presumption that the court deemed it proper to grant the indulgence. If, in enlarging the time, the rights of the garnishee were seriously affected, of course he could not be without remedy, or he would be allowed to come in and move to strike them from the files of the court, provided he made it appear that the indulgence ought not to be allowed. But here he rests, until the allegations and interrogatories are actually filed, and he asks to be discharged from the writ of garnishment; and he was discharged accordingly. It was improper to do this so long as the allegations and interrogatories were upon the file. The judgment of the circuit court is nothing more than discharging him from answering a legal process, which that court itself had put upon the record for the benefit of the plaintiff. The exception to the discharge was, therefore, well taken.

Judgment reversed.